# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JOEL STEINMETZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, PATRICK R. DONAHOE, and KNOWN AND UNKNOWN AGENTS OR PARTICIPANTS,<br><br>Defendants. | Cause No. CV 13-00094-BLG-SEH-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Joel Steinmetz has moved for leave to proceed in forma pauperis in this action seeking damages based upon alleged violations of the Americans with Disabilities Act and denial of due process in his employment action against the United States Postal Service. *DKT 2*. In addition, Steinmetz a Motion for leave to file under seal (*DKT 3*) and a motion for immediate interim relief. *DKT 5*.

1

**I. Motion to Proceed in Forma Pauperis**

Steinmetz submitted a declaration sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Steinmetz's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

**II. Motion for Leave to File under Seal**

Although this case was opened under seal, it appears Steinmetz is seeking only to seal certain medical documents which are not in the Court's file at this time. Accordingly, the motion will be denied as moot. The Clerk of Court is directed to remove the sealing of this case. Should Steinmetz need to file documents under seal he must file a separate motion for leave to file under seal and attach the particular documents

to be filed under seal to that motion.

## III. Motion for Immediate Interim Relief

Steinmetz also seeks immediate interim relief in the amount of $50,000.00; immediate reinstatements; all back pay and benefits; interest; and a regular biweekly paycheck. *DKT 5.* Pursuant to the federal statute governing proceedings in forma pauperis, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

This is Steinmetz's fourth case filed in this Court. *See* Civil Action Nos. 07-CV-41-BLG-RFC; 07-CV-132-BLG-RFC; and 09-CV-72-BU-RFC. All cases arise out of Steinmetz's employment with the United States Postal Service. Steinmetz was removed from his position with the Postal Service in 1999, but he was not effectively removed from the

agency until 2003. He has been litigating that removal ever since in many different forums including the National Labor Relations Board (NLRB), the Equal Employment Opportunity Commission (EEOC) and the Merit Systems Protection Board (MSPB).

In this recent attempt to challenge his removal, Steinmetz filed a petition for review asking the MSPB to reconsider the initial decision by the administrative judge which dismissed his appeal of an August 27, 1999 denial of restoration for lack of jurisdiction. Attached to the Complaint is the MSPB's July 3, 2013 decision affirming the initial decision of the administrative judge. (*ECF 2-1 at 3-12*). The MSPB found that since Steinmetz alleged that discrimination was a basis for the agency's decision to deny him restoration, he was entitled to mixed case appeal rights. *Id. at 7-8*. But the MSPB denied his petition for review and affirmed the initial decision issued by the administrative judge. *Id. at 4*.

To the extent Steinmetz's Complaint can be construed as a mixed appeal of the MSPB July 3, 2013 decision, it should be denied and dismissed. This Court examined Steinmetz's discrimination claims in

4

detail in CV-07-132-BLG-RFC and found them, along with all other claims aside from his MSPB appeal, to be untimely. *See Civil Action No. 07-CV-132-BLG-RFC, DKT 9.* There is no reason to reexamine that analysis. Steinmetz's claims under the Americans with Disabilities Act and his other non-MSPB claims are time barred as set forth in CV-07-132-BLG-RFC.

Moreover, the MSPB correctly found that Steinmetz's claims are barred by res judicata. Res judicata bars a later suit where the previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir. 1993). The Federal Circuit issued a final decision denying Steinmetz's restoration appeal on the merits on July 10, 2008. *Steinmetz v. U.S. Postal Service*, 283 Fed.Appx. 805 (Fed.Cir. 2008). Here the claims and parties are the same as in that appeal and a final judgment was reached. As correctly found by the MSPB most recent opinion (*DKT 2-1, p. 3),* Steinmetz's claims are barred by res judicata. His motion for immediate relief should be denied and this matter should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Steinmetz's Motion to Proceed in forma pauperis (*DKT 2*) is granted.

2. Steinmetz's Motion for Leave to File under Seal (*DKT 3*) is denied as moot.

3. At all times during the pendency of this action, Steinmetz SHALL IMMEDIATELY ADVISE the Court of any change of address. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Steinmetz's Motion for Immediate Interim Relief (*DKT 5*) should be denied.

2. Steinmetz's Complaint (*DKT 2*) should be dismissed.

3. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Steinmetz may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Steinmetz files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Steinmetz from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of August, 2013.

                                    /s/ Carolyn S. Ostby
                                    United States Magistrate Judge