Joel T. Steinmetz
1040 Alderson Ave., Apt, #1
Billings, MT 59102
(406) 600-7148

INVOLUNTARY PRO SE PLAINTIFF

**FILED**

SEP - 3 2013

Clerk, U.S. District Court
District Of Montana
Billings

**EMERGENCY MOTION UNDER CIRCUIT RULE 27-3**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

| | |
|---|---|
| JOEL T. STEINMETZ, | CAUSE NUMBER: |
| | CV 13-94-BLG-SEH-CSO |
| Plaintiff, | |
| vs. | **PLAINTIFF EMERGENCY MOTION** |
| U.S. POSTAL SERVICE, et al, | |
| Defendant(s). | September 3, 2013 |

¶ 1   Mr. Steinmetz seeks immediate "interim relief" in order to survive.

¶ 2   The employing federal agency, U.S. Postal Service ("USPS"), deprived Mr. Steinmetz of continued employment, pay, and benefits, such as medical, dental, and life insurance while forcing Mr. Steinmetz to go through the administrative remedy process. In other words, the USPS deprived Mr. Steinmetz of life, liberty, and property interest thus, violating Mr. Steinmetz's First Amendment right, as well as his Fifth and Fourteenth Amendment Due Process Clause rights while also violating multiple federal statutes.

¶ 3   In *Kloeckner v. Solis*, 133 S. Ct. 596, 184 L. Ed. 2d 433 (2012), the U.S. Supreme Court held that following a final agency decision from the U.S. Merit Systems Protection Board

("MSPB" or "Board"), a litigant has the option of bypassing any further administrative review and can file suit in an appropriate United States district court. Mr. Steinmetz has done so.

¶ 4    In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), the U.S. Supreme Court held that an employer cannot deprive an employee of continued employment, pay, or benefits without due process of law. One notable due process right is that a disabled person can only be removed for cause and that there are specific Civil Service Reform Act ("CSRA") special procedures that must be followed in mixed cases. Neither the employing agency nor quasi-judicial Board(s) followed these federal statutes thus, making the entire process flawed and violating Mr. Steinmetz`s constitutional rights.

¶ 5    In *Stone v. FDIC*, No. 98-3012 (June 11, 1999), the U.S. Court of Appeals for the Federal Circuit ("Fed. Cir.") also embraced *Loudermill* and in so doing, made it clear to all federal agency`s that depriving an employee of continued employment, pay, and benefits violates the Fifth and Fourteenth Amendment Due Process Clause especially when the employing agency failed to provide, before removing, a proposed removal notice.

¶ 6    Mr. Steinmetz has been denied property interest thus in essence, have been denied the opportunity to pay filing fees, as well as retain counsel because of the actions of the employer in denying continued employment and pay while forcing Mr. Steinmetz to go through the administrative remedy process.

¶ 7    Mr. Steinmetz could not find any information on how to approach an "Emergency Motion" before this court but was able to find some information on the U.S. Court of Appeals for the Ninth Circuit (9th Cir.') website. Mr. Steinmetz is unsure as to whether he captioned this motion correctly but reasonably argues that this court can GRANT immediate interim relief based on facts already in the record, such as the employer failing to continually employ and pay

Mr. Steinmetz while forcing him to go through the administrative remedy process. *See* Loudermill and *Stone*.

¶ 8    Mr. Steinmetz pleads with this court to take his case and claims seriously because he has no other option to present his full case before anyone else and his life, liberty, and property interest is not a game but real life.

_____
Joel T. Steinmetz, Involuntary *Pro Se* Plaintiff

## CERTIFICATE OF SERVICE

I, <u>JOEL T. STEINMETZ</u>, do hereby certify that this <u>PLAINTIFF EMERGENCY MOTION</u>, before this court, was (were) served on the following entities in the following manner:

1. Hand-delivered    U.S. District Court Clerk
               James F. Battin Courthouse
               2601 2nd Avenue North, Suite 1200
               Billings, MT 59101

_____
Joel T. Steinmetz